IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CRAIG CALDWELL,

    Plaintiff,

v.                                                    CASE NO. 5:02-cv-00091-MP

MICHAEL W. MOORE,

    Defendant.

_____/

**O R D E R**

This matter is before the Court on Doc. 23, Motion for Reconsideration, filed by Plaintiff Craig Caldwell. By prior order, the Defendant in this case was directed to file a response to Plaintiff's motion. As Plaintiff points out, Doc. 28, Defendant has failed to file a response because he was never initially served in this case. Therefore, the Court will address Plaintiff's motion without further delay.

In his motion, Plaintiff Caldwell seeks reconsideration of the Court's Order adopting the Report and Recommendation of the Magistrate Judge, and dismissing his complaint for failure to plead exhaustion of administrative remedies. In dismissing Plaintiff's case, the Court specifically cited Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998). Relying on the recent Supreme Court case of Jones v. Bock, 127 S.Ct. 910 (2007), Plaintiff argues that exhaustion is not a pleading requirement, and that the order dismissing his case should be reconsidered.

Plaintiff is correct that the Eleventh Circuit law cited by this Court in dismissing the instant complaint was subsequently abrogated by the Supreme Court in Jones v. Bock. The Court, however, finds that Jones does not retroactively apply to the final decision in this matter.

See Harper v. Virginia Dept. of Taxation, 509 U.S. 86, 97, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993). In Harper, the Supreme Court stated, "[w]hen this Court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases *still open on direct review*." Id. at 91 (emphasis added); see also Harris v. Terrell, 2007 U.S. Dist. LEXIS 12513 (D.Kan. Feb. 21, 2007) (citing Harper in holding Jones does not apply retroactively when case is not open or on direct review). The present case was not open or on direct review at the time that Jones issued, as Plaintiff never sought to appeal the order dismissing his case. Furthermore, "[i]ntervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6) ." Agostini v. Felton, 521 U.S. 203, 239, 117 S.Ct. 1997, 138 L.Ed.2d 391 (1997). Therefore, because Plaintiff's case was not open or on direct review at the time that Jones issued, the change in law cannot be retroactively applied to his case. Accordingly, Plaintiff's motion for reconsideration, Doc. 23, is denied.

**DONE AND ORDERED** this  *1st* day of February, 2008

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge